MEMORANDUM **
Appellant Amy Yang (‘Wang”) appeals the grant of Donald Wortman’s motion for final approval of eight class action settlement agreements with Defendants-Appel-lees. We review for abuse of discretion. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 940 (9th Cir. 2011). We affirm.
1. The district court properly certified the settlement class and was not obligated to create subclasses for purchasers of U.S.-originating travel and direct purchasers of airfare. Federal Rule of Civil Procedure 23(a) does not require a district court to weigh the prospective value of each class member’s claims or conduct a claim-by-claim review when certifying a settlement class. See Lane v. Facebook, Inc., 696 F.3d 811, 823 (9th Cir. 2012) (reasoning that it would be “onerous” and “impossible” to attribute a specific mone *556 tary value to each of the class members’ asserted claims).
Yang argues that purchasers of foreign-originating travel and indirect purchasers of airfare should not be entitled to an equal pro rata share of the settlement funds, in light of Illinois Brick and the Foreign Trade Antitrust Improvements Act. See 15 U.S.C. § 6a (barring claims arising out of foreign injury); Illinois Brick Co. v. Illinois, 431 U.S. 720, 728-29, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977) (providing that only customers who purchase directly from defendants may recover under federal antitrust law). But, at the time of settlement, Defendants-Appellees had not raised these affirmative defenses, and the district court had not ruled on them. Subclasses may not be created “on the basis of speculative” conflicts of interests. In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 942 (9th Cir. 2015) (internal citation and quotation marks omitted); see also Sullivan v. DB Invs., Inc., 667 F.3d 273, 305 (3d Cir. 2011) (establishing that “a district court has limited authority to examine the merits when conducting the [class] certification inquiry”).
2. The settlements provided sufficient notice to class members under Rule 23. See Fed. R. Civ. P. 23(c)(2)(B), 23(e)(1), & 23(e)(5). Potential class members were notified of the opportunity to opt out or object to the settlements no later than thirty-five days before the fairness hearing. While the class membership period has remained open for the duration of this appeal, “the class as a whole” was given sufficient notice to “flush out whatever objections might reasonably be raised to the settlements].” Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993). Indeed, Defendants-Appellees implemented a comprehensive ' notice program that has reached approximately eighty-percent of potential class members in the United States, and at least seventy-percent in Japan.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.